UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN IGO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 12-10907-NMG |
| | ) | |
| NORTH SUFFOLK MENTAL HEALTH ASSOCIATION, et al., | ) | |
|     Defendants. | ) | |

ORDER ON MOTION (Docket No. 23)

On February 6, 2013, plaintiff John Igo filed a motion seeking to have this court issue summons so that the defendants can be served. See Docket No. 23. Plaintiff unsuccessfully sought to vacate the dismissal of this action and already filed an appeal with the United States Court of Appeals for the First Circuit. See Docket. In his motion, plaintiff explains that he "thinks it would help the App. Ct. to decide what they want to do [if the defendants are served and file an answer]."

However, the filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); Spound v. Mohasco Industries, Inc., 534 F.2d 404, 411 (1st Cir. 1976) ("[A]fter the original appeal had been filed, the case remained in the district court only for procedures 'in aid of the appeal.'"); see 28 U.S.C. § 1291 (providing that "the courts of appeals shall have

jurisdiction of appeals from all final decisions of the district courts ....").

Here, plaintiff has filed an appeal of the dismissal of this action. As such, the court lacks jurisdiction to address the plaintiff's request to add a new defendant and for summons to issue. The Court therefore DENIES Plaintiff's Motion (#23) to Summons, and declines further action on this case pending instructions from the Court of Appeals to the contrary.
SO ORDERED.

February 8, 2013                              /s/ Nathaniel M. Gorton
DATE                                          NATHANIEL M. GORTON
                                              UNITED STATES DISTRICT JUDGE